### WITTICH v. ALLISON et al.

(Circuit Court of Appeals, Fifth Circuit. June 13, 1893.)

No. 134.

ACCOUNT STATED—PLEADING AND PROOF—VARIANCE.

    Under the rules conforming the practice of the federal circuit courts in Florida, in actions at law, to the state laws and practice, the defendant in an action on an account stated may show, under the plea of "never was indebted," that the accounts are incorrect.

In Error to the Circuit Court of the United States for the Northern District of Florida.

At Law. Action by Robert Allison, A. S. Cousland, and Robert Hamilton, late copartners under the style of Allison, Cousland & Hamilton, subjects of the queen of Great Britain, against W. L. Wittich, a citizen of Florida. Judgment for plaintiffs, and defendant brings error. Reversed.

W. A. Blount, (Blount & Blount, on the brief,) for plaintiff in error. Richard L. Campbell, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. On 27th July, 1889, the defendants in error, who were plaintiffs in the circuit court, brought suit against the plaintiff in error, who was defendant in the circuit court. After the filing of their declaration, and adding a fourth

count thereto, they withdrew the other counts. The fourth count was upon a stated account, the particulars of which are an account dated 31st December, 1886, showing a balance of £6,198. 2s. 6d. One plea to the fourth count alleges "that the stated account is not a true and correct statement, but contains charges which should not have been made, and omits credits which should have been given defendant, which charges and credits are set forth in Exhibits A and B, hereto attached, and made a part hereof." Another plea, which applies to the fourth count, alleges that plaintiffs failed and neglected to sell within a reasonable time certain cargoes, although the same could have been sold, and then sold the same at a much less price than could have been obtained, had they been sold in a reasonable time, and that during the delay charges and expenses accumulated, "the particulars of which loss are set forth in Exhibit A, hereto attached." The 15 items embraced in Exhibit A are therein thus generalized: "Amount lost by deterioration of cargoes and accumulation of expenses, and costs by delay in selling cargoes, and loss by selling at less than the market rate." The items in Exhibit B are thereby thus generalized: "Difference in interest between what they agreed to charge, and what they did charge, on 50 cargoes, cost, freight, and insurance."

These pleas were met by replications which allege that the account which is the subject of the fourth count was received by defendant on 5th of February, 1887, and that defendant made no objection to it until after the institution of this suit; that the balance with which that account begins is the result of a series of accounts current rendered annually, beginning with one dated 31st December, 1882, and that all those accounts were received by defendant without objection until after the institution of this suit; that the proceeds of the sales of each of the cargoes mentioned in the schedules attached to the pleas were stated in those several accounts current excepting the cargoes of the Macedon, Nimrod, Lydia, and Gladstone; and that the accounts of the sales of these cargoes (which do not enter into the account stated, sued upon) were received by defendant—the latest, in the spring of 1888—without objection, until the filing of his plea,—and offers to debit and credit the account sued upon with the balances presented by the said several accounts of sales. Furthermore, it is alleged that the rate of interest, 5 per cent., is plainly stated in each of said accounts; and all the accounts are made parts of the replications. Demurrers to the replications were overruled, and thereupon the defendant filed the plea of "never was indebted." The plaintiffs submitted to the jury all the accounts current and accounts of sales above mentioned, accompanied by defendant's answers to interrogatories, to which the accounts were attached, showing that he received said accounts by mail, and that his letter book shows no acknowledgment of same, and he has no recollection of such acknowledgment. The bill of exceptions shows that:

"The plaintiffs having rested their case, the defendant thereupon, to maintain the issues on his part to be maintained, produced and caused to be sworn

the defendant as a witness in his own behalf, and thereupon the defendant, by his attorney, offered to prove by the said witness that the account attached to the fourth count of the declaration was erroneous and incorrect, in that the balance with which it begins is the balance of an account of plaintiffs against defendant, which contained incorrect, erroneous, and excessive charges against the defendant, and failed to give credits to the defendant for sums for which he was justly and legally entitled to credit. To the giving of which testimony the plaintiffs, by their attorney, objected; and the said judge did then and there deliver his opinion, and sustain the said objection, and refused to admit the said witness to so testify. And the defendant further offered to prove by the said witness that the accounts attached to the fourth count of the declaration were incorrect and erroneous because they contained in themselves incorrect, erroneous, and excessive charges against the defendant, and failed to give credits to the defendant for sums for which he was justly and legally entitled to credit. To the giving of which testimony the plaintiffs, by their attorney, objected, and the said judge did then and there deliver his opinion, and sustain the said objection, and refused to admit the said witness to so testify. And the defendant further offered to prove by the said witness that the accounts introduced in evidence by the plaintiffs to defendant for the cargoes of the Macedon, Nimrod, Lydia, and Gladstone were incorrect and erroneous, in that they, and each of them, contained incorrect, erroneous, and excessive charges against the defendant, and failed to give credits to the defendant for sums for which he was justly and legally entitled to credit. To the giving of which testimony the plaintiffs, by their attorney, objected, and the said judge did then and there deliver his opinion, and sustain the said objection, and refused to admit the said witness to so testify. And the defendant further offered to prove that the said accounts mentioned above were erroneous and incorrect in that they, and the accounts of which they were continuations, contained incorrect, erroneous, and excessive charges against the defendant in respect to the following cargoes alleged to be accounted for in them and said precedent accounts, to wit, the cargoes of the Pegassus, Abbotsford, Macedon, Red Cross, Maxwell, British Princess, Louisa Fletcher, Mary Stewart, Nimrod, Varonica, Gladstone, Virginia, Kate Cann, Lydia, and Jane Law, and failed to give credits to defendant for sums for which he was justly and legally entitled to credit in respect to said cargoes. To the giving of which testimony the plaintiffs, by their attorney, objected, and the said judge did then and there deliver his opinion, and sustain the said objection, and refused to admit the said witness to so testify. To which opinions and decisions of the said judge the said defendant, by his said attorney, did then and there except."

Under direction of the court there was a verdict for the plaintiffs, on which judgment was rendered against the defendant for $36,-003.25 and costs, to reverse which the defendant has brought the case here on writ of error.

Of the errors assigned, we will only notice the first three, and treat these as one, to the effect that the circuit court erred in excluding the testimony offered by the defendant below, plaintiff in error. In our opinion, this assignment of error is well taken, and the judgment of the circuit court must be reversed on account of the error in excluding said testimony. The rules of practice for the government of the circuit courts in common-law actions, in force in Florida, prescribe:

"The plea of 'never was indebted' shall be applicable to the declarations embraced in forms from one to twelve inclusive, as prescribed in section 75 of chapter 1096 of the Laws of Florida, and to those of a like nature, embracing generally causes of action which constitute the foundation for an action of debt on simple contracts, except bills of exchange and promissory notes. To such causes of action the plea of nonassumpsit shall be inadmis-

sible, and the plea of 'never was indebted' will operate as a denial of those matters of fact from which the liability of the defendant arises." Rules of Practice, etc., page 21.

One of the forms referred to in the rule just quoted is thus expressed in the statute:

(6) "Account stated. Money found to be due from the defendant to the plaintiff on accounts stated between them." McClel. Dig. Fla. p. 818.

In Thomas v. Hawkes, 8 Mees. & W. 140, it was said, the barons all concurring:

"It cannot be contended that from the mere statement of an account a debt arises. The averment of the declaration is not merely that an account was stated, but that the defendants were indebted upon it. How can the defendants confess and avoid this allegation? They must confess the being indebted. Then, how could they avoid it? They were entitled, therefore, under the general issue, to show that the account did not show them to be indebted, because it was not correct."

This case is quoted with approval in Wilson v. Wilson, 14 C. B. 625, and seems to be in line with Smith v. Winter, 12 C. B. 487; and we have not been referred to any case, or been able to find any, where the doctrine of the cases just cited has been questioned.

There is nothing in rule 66, relied on by defendants in error, to qualify the application of this doctrine in the trial of common-law actions in Florida. It requires that, in every species of action on contract, all matters in confession and avoidance shall be specially pleaded. This matter is not in confession and avoidance. The allegation of the declaration is that on a day and year named "the defendant was indebted to the plaintiffs in the sum of £6,198 2s. 6d. sterling, equal to $29,751, for money found to be due from the defendant to the plaintiffs on an account stated between them." As Baron Alderson said in the case of Thomas v. Hawkes, supra, how can the defendant confess and avoid the allegation that he is indebted on these accounts stated? He is entitled, therefore, under the plea of "never was indebted," to show that the accounts do not show him to be indebted, because they are not correct. The burden is put on the defendant to show this; the account stated having made a prima facie case, and shifted the burden of proof. But the defendant must be permitted to show that it is not correct, if he can; and in Florida, as we construe her laws and rules of practice, he may do this under the plea of "never was indebted."

The judgment of the circuit court is reversed, and the cause remanded for a new trial in conformity with this opinion.